**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| Peter A. Lewis (#A-82902), | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 14 C 50206 |
| | ) | |
| v. | ) | Judge Frederick J. Kapala |
| | ) | |
| Nedra Chandler, et al., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

The plaintiff's amended complaint is accepted. (Dkt. No. 5.) On the court's own motion, defendants James Martin and Lieutenant Kemmeren are dismissed as defendants on preliminary review pursuant to 28 U.S.C. § 1915A. The clerk is directed to: (1) issue summonses for service of the amended complaint (Dkt. No. 5) on defendants Chandler, Gladhill, and Grygiel by the U.S. Marshal; and (2) mail the plaintiff three blank USM-285 (Marshals service) forms, a Magistrate Judge Consent Form, and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve the defendants. The court advises the plaintiff that a completed USM-285 (Marshals service) form is required for each named defendant. The Marshal will not attempt service on the defendants unless and until the required forms are received. Therefore, the plaintiff must complete service forms for each defendant and return those forms to the Clerk of Court in care of the Prisoner Correspondent within thirty days of the date of this order.

## STATEMENT

The plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, officials at Dixon Correctional Center, violated the plaintiff's constitutional rights by retaliating against him for the filing of grievances.

The plaintiff's original complaint improperly joined claims against unrelated Defendants. Therefore, the plaintiff was given leave to submit an amended complaint, which is now before the court for review pursuant to 28 U.S.C. § 1915A. Named as defendants are Warden Nedra Chandler, Lieutenant Kemmeren, grievance officer James Martin, correctional officer Gladhill, and property officer Grygiel.

The plaintiff alleges that in February 2013, he filed two grievances against correctional officers Perry and Sanders as a result of unrelated incidents. The plaintiff contends that he gave those grievances to his counselor, Libberton, but the counselor failed to file them, so the plaintiff resubmitted the two grievances, as well as a grievance against Libberton. The plaintiff alleges that correctional officers retaliated against him by shaking down his cell every other day.

In particular, on May 28, 2013, correctional officer Gladhill performed a shakedown of

his cell, and took his permits for certain belongings, including his television and lamp. The plaintiff was then found guilty of having unauthorized property at an adjustment committee hearing. The plaintiff contends that property officer Grygiel falsely told the committee that the plaintiff had a permit for the lamp, but not the television. The plaintiff contends that the charges against him were false, and were concocted in retaliation for his previously filed grievances. Lieutenant Kemmeren supervised the adjustment committee.

The plaintiff spoke with the warden, Nedra Chandler, about the incident, and Chandler told him she would return his television. The plaintiff obtained his trust fund statement showing that he had purchased the television and sent it to Chandler and Lieutenant Kemmeren, but received no response from either.

The plaintiff filed grievances against Gladhill and Grygiel, alleging that they wrongly took his television, and that Grygiel gave false information when he told the committee that the plaintiff did not have a permit for the television. The grievance officer, James Martin, denied his grievances, and Warden Chandler subsequently transferred him to another prison (the plaintiff is now held at Robinson Correctional Center) in retaliation for his complaints.

On February 1, 2014, the plaintiff received his television and lamp back from the property room at Dixon Correctional Center. The television and the lamp were broken, and the box in which they were returned contained magazines with homosexual content.

Prisoners are entitled to use available grievance procedures without threat of recrimination. *Hoskins v. Lenear*, 395 F.3d 372, 375 (7th Cir. 2005). A prisoner's retaliation claim is subject to a liberal notice pleading standard. *Doyle v. Pasquino*, 207 Fed. App'x 713, 714 (7th Cir. 2006). "The 'bare minimum' in a retaliation claim are the facts that would apprise the defendants of what the plaintiff did to provoke the alleged retaliation and what they did in response." *Id.* (internal citation omitted).

Here, the plaintiff meets this standard as to Gladhill, Grygiel, and Chandler. While a more fully developed record may belie the plaintiff's allegations, the defendants must respond to the complaint. Nothing in this order, which is based on a preliminary review of the complaint, precludes any legal argument that the defendants may advance in response to the complaint.

As to defendant Martin, the grievance officer, the plaintiff merely alleges that he wrongly decided the plaintiff's grievance. This does not amount to retaliation and does not state a claim. *See Owens v. Hinsely*, 635 F.3d 950, 953 (7th Cir. 2011) (holding that "the alleged mishandling of [plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim.") Similarly, as to defendant Kemmeren, the plaintiff's complaint seems to be that the adjustment committee did not conduct a thorough enough investigation into his claims. This is insufficient to state a claim for retaliation.

The court directs the clerk to issue summonses for service of the complaint on defendants Gladhill, Grygiel, and Chandler. The United States Marshals Service is appointed to serve the defendants. The court advises the plaintiff that a completed USM-285 (Marshals service) form is required for each named defendant. The Marshal will not attempt service on the defendants unless and until the required forms are received. Therefore, the plaintiff must complete service forms for each defendant and return those forms to the Clerk of Court in care of the Prisoner Correspondent within thirty days of the date of this order.

The U.S. Marshal is directed to make all reasonable efforts to serve the defendants. With

respect to former correctional employees who no longer can be found at the work address provided by the plaintiff, the Illinois Department of Corrections shall furnish the Marshal with the defendant's last-known address. The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal. Address information shall not be maintained in the court file, nor disclosed by the Marshal. The Marshal is authorized to send a request for waiver of service to the defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

The plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent. The plaintiff must send an exact copy of any court filing to the defendants [or to defense counsel, once an attorney has entered an appearance on behalf of the defendants]. Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing. Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to the plaintiff.

Date: January 16, 2015

FREDERICK J. KAPALA
District Judge